IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE HERNANDEZ, ALMA HERNANDEZ, JOSH HERNANDEZ, individually and as guardian ad litem for TAMMY HERNANDEZ, a minor,

    Plaintiffs,

  v.

COUNTY OF MARIN, CITY OF SAN RAFAEL, CITY OF LARKSPUR, TOWN OF CORTE MADERA, TWIN CITIES POLICE DEPARTMENT, and DOES 1-100, inclusive,

    Defendants.

No. C 11-03085 JSW

**ORDER GRANTING MOTIONS TO DISMISS**

Now before the Court are the motions to dismiss filed by defendants County of Marin and City of San Rafael ("City") and Twin Cities Police Authority (collectively "Defendants"). The Court finds that these matters are appropriate for disposition without oral argument and are deemed submitted. *See* Civ. L.R. 7-19(b). Accordingly, the hearing set for September 23, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the Court GRANTS Defendants' motions to dismiss.

## BACKGROUND

According to the complaint filed on June 22, 2011, Plaintiff Jose Hernandez was arrested at his residence and Plaintiff Josh Hernandez at his place of employment at 10:00 a.m. on July 4, 2010. Plaintiffs Alma Hernandez and Tammy Hernandez witnessed the arrest of Jose at their home. The complaint alleges that the arrested Plaintiffs were handcuffed and subjected

1 to "excessive, unlawful and wrongful force" and "unnecessary and excessive force" by
2 Defendants. (Complaint at ¶¶ 12, 13.) Plaintiffs also allege that the Doe Defendants
3 "deliberately and knowingly misstated facts of their involvement and/or the behavior of
4 Plaintiffs in the reporting of arrest and their treatment of all of the Plaintiff in the 'Incident
5 Reports' made of the incident." (*Id.* at ¶ 14.) As a result of this alleged treatment, Plaintiffs
6 allege twelve causes of action for: (1) violation of civil rights, California Civil Code § 52.1; (2)
7 violation of civil rights, California Civil Code § 51.7; (3) battery; (4) intentional infliction of
8 emotional distress; (5) negligence; (6) negligence per se; (7) negligent selection, training,
9 retention, supervision, investigation and discipline; (8) respondeat superior against the
10 defendant public entities; (9) violation of 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against the
11 individual defendants; (10) injunctive relief and declaratory relief under 42 U.S.C. § 1983
12 (*Monell* claim as to the City defendant); (11) false imprisonment/false arrest; and (12)
13 conspiracy.

14 The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Legal Standard on Motion to Dismiss.**

17 A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the
18 pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited
19 to the allegations in the complaint, which are accepted as true and construed in the light most
20 favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).
21 Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a
22 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
23 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
24 do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*,
25 478 U.S. 265, 286 (1986)).

26 Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but
27 must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at
28 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.   Motions to Dismiss.**

Defendants move to dismiss all claims in the complaint, some with leave to amend and some without leave. Because the Court finds the complaint threadbare and without sufficient factual detail to state any of the claims, the Court GRANTS the motions to dismiss, for the most part with leave to amend. There is simply an insufficient factual basis in the complaint to adjudicate potential liability.

Plaintiffs allege twelve causes of action. Each cause of action is dismissed with leave to amend to allege facts to support such claims, with the exception that the following claims are dismissed without leave: (1) all claims by Plaintiffs Alma Hernandez and Tammy Hernandez, with the exception of the claims for intentional infliction of emotion distress, negligence and negligence per se; and (2) the tenth cause of action for injunctive relief against the City. These claims shall not be re-pleaded. In addition, Scottie Hernandez, who was just briefly referenced in the original complaint, may be added as a named Plaintiff. On all other claims, the Court will

1 provide Plaintiffs leave to amend, but only if they can allege in good faith sufficient facts to
2 state their claims.

## CONCLUSION

For the foregoing reasons, both motions to dismiss are GRANTED. Plaintiffs shall file an amended complaint in compliance with this order by no later than **September 30, 2011**. Failure to file an amended complaint by that date shall result is dismissal of this matter. Should Plaintiffs elect to file an amended complaint, Defendants' response shall be filed no later than 20 days thereafter.

**IT IS SO ORDERED.**

Dated: September 20, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4