Thomas F. Bertrand, State Bar No. 056560
Richard W. Osman, State Bar No. 167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
E-mail:  rosman@bfesf.com

Attorneys for Defendants
CITY OF SAN RAFAEL and
TWIN CITIES POLICE AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, ALMA HERNANDEZ, JOSH HERNANDEZ, individually and as guardian ad litem for TAMMY HERNANDEZ, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MARIN, CITY OF SAN RAFAEL, TOWN OF CORTE MADERA, CITY OF LARKSPUR, TWIN CITIES POLICE DEPARTMENT and DOES 1-100, inclusive,<br><br>Defendants. | Case No. CV 11-03085 JSW<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**STIPULATION**

1.      The parties to the above-entitled action, by and through their counsel of record, hereby stipulate to entry of the attached protective order as to materials to be produced in discovery herein by defendants JOSE HERNANDEZ, ALMA HERNANDEZ, JOSH HERNANDEZ, individually and as guardian ad litem for TAMMY HERNANDEZ, a minor. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be

followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The materials included in the above-mentioned protective order are as follows:

    a. Any document which comprises an officer's personnel file and which is produced in discovery in the within matter from police personnel files maintained by any defendant, including any Internal Affairs investigations and all other matters in an officer's personnel file;

    b. The names, addresses and telephone numbers of any civilian witnesses disclosed by defendants in discovery;

    c. Any and all police reports and other investigative materials disclosed by defendants in discovery; and,

    d. Other materials that the parties agree in writing are to be covered by this Order.

All "confidential material" shall be designated by stamping or otherwise marking each such document as follows: "CONFIDENTIAL".

2. Confidential material shall be used solely in connection with the preparation and litigation of the case in the within action (Case No. CV 11-03085 JSW) or in any related appellate proceeding, and not for any other purpose, including any other litigation, without the express approval of this court.

3. Confidential material may not be disclosed, except as is provided in paragraphs 4 and 5, below.

4. Confidential material may be disclosed only to the following persons: (a) parties and counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for the parties in this litigation; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action; (d) any outside expert or consultant retained by any party to the action in connection with the action, and not otherwise employed by either party; and, (e) any "in-house" expert designated by any party to testify at trial in this matter. Nothing in this paragraph (4) is intended to prevent officials or employees of any defendant, or other authorized government officials, from having access to the documents so designated if they would have such access in the normal course of their job duties.

Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her, that is, a witness may disclose to others, without restriction under this order, information previously given to any defendant with respect to what he or she saw, heard, or otherwise sensed.

5. Without written permission from the party designating materials as confidential or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any confidential material. A party that seeks to file under seal any confidential material must comply with Civil Local Rule 79-5 and General Order 62. Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the confidential material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a request by a party in receipt of material designated confidential to file said confidential material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the party in receipt of the material designated as confidential may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

6. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her "confidential material," as designated hereunder, with a copy of this order, and shall agree on the record, in writing, that he or she has read this protective order and consents to be subject to the jurisdiction of this court with respect to the enforcement of this order, including without limitation, any proceeding for contempt.  Unless such agreement is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation.

7. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of this action by any other means, all confidential material received under the provisions of this order, including any copies made thereof, shall be tendered back to the appropriate parties or their attorneys. Provisions of this order, insofar as they restrict the disclosure and use of the material, shall remain in full force and effect until further order of this court.

8. The foregoing is without prejudice to the right of any party to this action: (a) to apply to the court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the court for an order removing the confidential material designation from any document; and, (c) to apply to the court for an order compelling production of documents or for modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

Counsel for the parties to this action hereby declare that they have read the foregoing, that they approve thereof as to form and content, and that, on behalf of their clients in this action, they stipulate thereto.

**SO STIPULATED.**

Dated: January 5, 2012        By: _/s/ Owen Mayer_
                                          Owen Mayer
                                          Attorney for Plaintiffs


                                          BETRAND, FOX & ELLIOT

Dated: January 5, 2012        By: _/s/ Richard W. Osman_
                                          Richard W. Osman
                                          Attorneys for Defendants
                                          CITY OF SAN RAFAEL and
                                          TWIN CITIES POLICE AUTHORITY


Dated: January 5, 2012        By: _/s/ Renee Giacomini Brewer_
                                          Renee Giacomini Brewer
                                          County Counsel
                                          Attorney for Defendant
                                          COUNTY OF MARIN

**ORDER**

WHEREFORE, pursuant to stipulation of the parties, it is hereby ordered that the Stipulated Protective Order governing the protection of confidential material set forth above becomes the Order of this Court and shall be imposed in this Action.

**IT IS SO ORDERED.**

DATED: __January 5, 2012__    _____
HONORABLE JEFFREY S. WHITE
United States District Judge