IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE HERNANDEZ, ALMA HERNANDEZ, JOSH HERNANDEZ, individually and as guardian ad litem for TAMMY HERNANDEZ, a minor, SCOTTIE HERNANDEZ

Plaintiffs,

v.

COUNTY OF MARIN, CITY OF SAN RAFAEL, TWIN CITIES POLICE AUTHORITY and DOES 1-100, INCLUSIVE,

Defendants.

No. C 11-03085 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by defendants City of San Rafael ("City") and Twin Cities Police Authority ("TCPA") (collectively "Defendants").[1] Having carefully reviewed the parties' papers and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

**BACKGROUND**

In their original complaint filed June 22, 2011, Plaintiffs alleged eleven causes of action for: (1) violation of civil rights, California Civil Code § 52.1; (2) violation of civil rights, California Civil Code § 51.7; (3) battery; (4) intentional infliction of emotional distress; (5) negligence; (6) negligence per se; (7) negligent selection, training, retention, supervision, investigation and discipline; (8) respondeat superior against the defendant public entities; (9) violation of 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against the individual defendants;

---

[1] Defendant County of Marin joins in Defendants' motion to dismiss.

(10) injunctive relief and declaratory relief under 42 U.S.C. § 1983; (11) false imprisonment/ false arrest; and, (12) conspiracy. On August 19, 2011, Defendants moved to dismiss all of Plaintiffs' claims.

On September 20, 2011, the Court granted the motion to dismiss for insufficient factual basis with leave to amend all of the claims but one. The Court dismissed without leave the tenth cause of action for injunctive relief against the City. The Court also dismissed without leave all claims by Plaintiffs Alma and Tammy Hernandez, with the exception of the fourth, fifth and sixth causes of action.

On September 26, 2011, Plaintiffs filed their First Amended Complaint ("FAC"), in which they make the following allegations. Plaintiffs Jose Hernandez ("Jose") and Scottie Hernandez ("Scottie"), having committed no crime, were confronted while in a vehicle by Defendants Does 1-100 (unnamed peace officers of the City and TCPA). (FAC at ¶ 12.) Defendant Does pointed loaded guns at Jose and Scottie and ordered them to exit the vehicle in which they were sitting. (*Id*.) Jose and Scottie obeyed the command out of fear and intimidation. (*Id*.)

Scottie exited the vehicle first, whereupon Defendant Does shoved him roughly to the ground and onto his face, which caused Scottie to sustain a cut to the inside of his mouth. (*Id*.) Scottie asked Defendant Does to "go easy" on Jose because Jose was disabled. (*Id*.) Defendant Does told Jose to leave his cane in the car, which he needed to stand and walk due to a chronic knee condition. (*Id*.) Defendant Does then shoved Jose to his knees, which caused him great pain. (*Id*.) Then a Defendant Doe placed his foot on Jose's back, forced him onto his belly, and pushed his face onto the concrete. (*Id*.) Defendant Does handcuffed Jose and yanked him painfully by the handcuffs, which exacerbated a preexisting shoulder injury.

Defendant Does also arrested Plaintiff Josh Hernandez ("Josh") at his place of employment. (*Id*.) Josh was cooperative and offered no resistance. (*Id*.) Defendant Does commanded that Josh place his hands on his head, and when he did so, one of the Defendant Does, who was Caucasian, struck Josh on the head with a pair of handcuffs and yanked his hands behind his back. (*Id*.)

2

1    Defendant Does transported Plaintiffs Jose and Josh Hernandez to a county jail and
2 transported Scottie Hernandez to a juvenile detention facility. (*Id.* at ¶ 15.)  All three Plaintiffs
3 remained at those facilities for four days.  (*Id.*)  The three Plaintiffs were not formally charged
4 with any violation of law.  (*Id.*)

5    According to the amended complaint, Defendant Does deliberately and knowingly
6 misstated facts and omitted relevant facts regarding their own involvement and the behavior of
7 Plaintiffs in their incident reports regarding the arrests.  (*Id.* at ¶ 14.)  Defendant Does charged
8 Jose, Scottie, and Josh with violations of Sections 245 and 148(a) of the California Penal Code,
9 which Defendant Does knew to be false.  (*Id.* at ¶ 15.)

10   Plaintiffs Alma Hernandez ("Alma") and Tammy Hernandez ("Tammy") observed the
11 arrests of Jose, their husband and father respectively, and Scottie, their son and brother
12 respectively.  (*Id.* at ¶ 13.)

13   All Plaintiffs suffered several emotional and mental distress. (*Id.* at ¶ 16.)  Jose, Scottie
14 and Josh also suffered physical injury.  (*Id.* at ¶ 17.)  Jose incurred medical expenses and loss of
15 income, he paid $800 to retrieve his vehicle from impoundment, and Josh received medical
16 treatment for his head injury.  (*Id.* at ¶ 18.)  Scottie, Alma and Tammy each incurred expenses
17 for "treatment of emotional distress" as a proximate result of Defendants' actions  (*Id.* at ¶ 18.)

18   In the amended complaint, Plaintiffs bring all causes of action for which they were
19 granted leave to amend.  On October 17, 2011 Defendants filed a motion to dismiss the second,
20 fifth, sixth, seventh, eight, ninth, eleventh, and twelfth causes of action without leave to amend.
21 In Plaintiffs' opposition, filed on October 31, 2011, they concede that the fifth cause of action
22 may be dismissed.

23   The Court shall address additional facts as necessary in the remainder of this Order.

24                                    **ANALYSIS**

25 **A.    Legal Standard on Motion to Dismiss.**

26   A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the
27 pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited
28 to the allegations in the complaint, which are accepted as true and construed in the light most

3

favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rules of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that the defendant has acted unlawfully. …When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Grants Defendants' Motion to Dismiss.**

    **1.     Plaintiffs' Second Cause of Action for Violation of Section 51.7 of the California Civil Code is Dismissed With Leave to Amend for Failure to State Sufficient Facts.**

Defendants move to dismiss Plaintiffs' claim that Defendants violated Plaintiffs' protected rights under Section 51.7 of the California Civil Code ("Section 51.7"). Section 51.7 grants the "right to be free from any violence, or intimidation by threat of violence, committed" against "persons or property" based a characteristic such as sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation. Cal. Civ. Code § 51(b), (e). A claim under Section 51.7 must allege facts to show that (1) the defendant

4

1  committed violent acts against the plaintiff or plaintiff's property, (2) that a motivating reason
2  for the violent acts was the victim's protected characteristic, (3) that the victim was harmed, and
3  (4) that the defendant's conduct was a substantial factor in causing the harm. *Austin B. v.*
4  *Escondido Union School Dist.*, 149 Cal. App. 4th 860, 880-81 (2007). To allege discrimination
5  based on race, a plaintiff must demonstrate that there are at least "two classifications of persons
6  who are treated differently under the law" and discriminatory animus. *Christian Gospel Church*
7  *v. San Francisco,* 896 F.2d 1231, 1226 (9th Cir. 1990); *Austin B.,* 149 Cal. App. 4th at 880-81.
8  An allegation that the plaintiff is recognizable as a particular race and that the defendant is
9  another race is not sufficient to state a racial discrimination claim under *Iqbal*. *See Christian*
10 *Gospel Church*, 896 F.2d at 1226.

11     Here, Plaintiffs support their claim of racial discrimination by alleging that Defendant
12 Does "celebrated and congratulated each other" after the arrests of Plaintiffs Jose, Scottie and
13 Josh Hernandez and exclaimed "we finally got this family!" (FAC at ¶ 26.) Plaintiffs allege
14 that each of them are recognizable as Mexican American, which is evidence the Defendant
15 Does harbored racial prejudice and animus against them. (*Id*.) Plaintiffs assert that Defendant
16 Does' reference to "this family" meant "this Mexican American family" because those
17 defendant officers had numerous prior contacts with Plaintiffs and regarded them as members of
18 a Mexican American gang. (*Id*.)

19     The facts as alleged are insufficient to support a claim under Section 51.7 under the
20 *Twombly* standard. While Plaintiffs have sufficiently alleged the first, third and fourth requisite
21 factors regarding violent acts, harm and the cause of harm, they allege no facts that make a
22 claim of racial animus "plausible on its face." *See Twombly*, 550 U.S. at 556. Instead,
23 Plaintiffs' alleged facts require a large inferential leap to support the claim. The alleged
24 statement "we finally got this family" does not independently demonstrate that the officers'
25 conduct was motivated by racial prejudice. As Defendants argue, the alleged statement raises
26 only a possibility of racial animus. The statement could have potentially referred to the
27 Hernandez family in reference to prior contacts with law enforcement, or merely to events that
28 precipitated the arrest that had just taken place. Plaintiffs' bare assertion that Plaintiffs are

5

recognizably Mexican American and some of the Defendant Does are Caucasian is also insufficient. Plaintiffs allege no facts to indicate that two different classifications of persons have been treated differently under the law. From the facts alleged, the Court is unable to draw the inference required under *Twombly* that Defendants' actions were motivated by racial prejudice.

Accordingly, the Court GRANTS Defendants' motion to dismiss the cause of action for violation of Section 51.7. Plaintiffs contend in their opposition that if they were granted leave to amend, they could in good faith allege further facts to support the claim of racial animus. If Plaintiffs can allege further facts, amendment of the claim would not be futile. *See Reddy,* 912 F.2d at 296. The Court therefore GRANTS leave to amend this cause of action to enable Plaintiffs to allege further facts.

**2.    Plaintiffs' Fifth Cause of Action for Negligence is Dismissed Without Leave to Amend.**

Defendants move to dismiss Plaintiffs' cause of action for negligence. Plaintiffs, in their opposition, concede that the fifth cause of action may be dismissed. (Opp. Br. at 6.) The Court accordingly GRANTS the motion to dismiss the cause of action for negligence without leave to amend.

**3.    Plaintiffs' Sixth Cause of Action for Negligence Per Se is Dismissed Without Leave to Amend.**

Defendants move to dismiss Plaintiffs' cause of action for negligence per se against the Defendant public entities. Plaintiffs base their cause of action for negligence per se on Defendants' alleged violations Sections 118.1, 13510(a) and 13519.4(a) of the California Penal Code.

Under California law, a claim of negligence per se is properly considered pursuant to Section 669 of the California Evidence Code. *See Bologna v. City & County of San Francisco*, 192 Cal. App. 4th 429, 434 (2011). Section 669 provides that "the failure of a person to exercise due care is presumed if (1) He violated a statute ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death

or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent, and (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance or regulation was adopted." *Id.*; Cal. Evid. Code § 669. "Section 669 creates a presumption of negligence arising from violation of a statute, but only if '[t]he person suffering the ... injury ... was one of the class of persons for whose protection the statute ... was adopted.'" *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066, 1087 (1997) (quoting Cal. Evid. Code § 669, subd. (a)(4)). Thus, the proper inquiry here is whether Sections 118.1, 13510(a) and 13519.4(a) of the California Penal Code were designed to prevent the injuries that the Plaintiffs allege.

Plaintiffs first allege negligence per se based on Defendants' violation of Section 118.1. Section 118.1 provides that a peace officer who files a report regarding a crime, and knowingly and intentionally makes a false statement, is punishable by imprisonment. Cal. Penal Code § 118.1. But Plaintiffs fail to allege that Defendants' violation of Section 118.1 would establish a claim of negligence per se under Section 669. First, Plaintiffs do not allege that the violation caused injury to them, as is required under the second prong of Section 669. As Plaintiffs were not prosecuted for any crime related to the arrests, Defendant Does' reports could not have injured them. Second, Plaintiffs contend that Section 118.1 was designed to prevent the type of harm that they incurred because it "was enacted to protect all persons from perjurious testimony by peace officers." (FAC at ¶ 41.) But California courts have held that perjury is not actionable in tort. *See, e.g., Pollock v. Univ. of S. Cal.*, 112 Cal. App. 4th 1416, 1429 (2003); *Temple Community Hosp. v. Superior Court*, 20 Cal. 4th 464, 466 (1999). As Section 118.1 is a penal statute that punishes peace officers for perjurious conduct, those holdings indicate that Plaintiffs cannot claim that it was enacted to protect them. These holdings preclude Plaintiffs from bringing a claim for negligence per se based on Defendants' alleged violation of Section 118.1.

Plaintiffs argue that Sections 13510(a) and 13519.4(a) of the California Penal Code were also designed to prevent Plaintiffs' injuries. Section 13510(a) requires the Commission on Peace Officer Standards and Training ("the Commission") to adopt minimum standards for the

7

1 physical, mental, and moral fitness governing the recruitment of law enforcement officers and
2 for training of such officers. Cal. Penal Code § 13510(a). Section 13519.4(a) requires the
3 Commission to develop and disseminate guidelines and training that "stress understanding and
4 respect for racial and cultural differences, and development of effective, noncombative methods
5 of carrying out law enforcement duties in a racially and culturally diverse environment." Cal.
6 Penal Code § 13519(a). Plaintiffs offer no authority to support their contention that Sections
7 13510(a) and 13519.4(a) impose a duty directly on Defendant public entities, the City and
8 TCPA. No court in the Ninth Circuit or in California has held in a published decision whether
9 these sections impose a duty on municipalities or police departments.[2] However, the Court
10 finds that the plain language of both Sections 13510(a) and 13519.4(a) is meant only to impose
11 requirements on the Commission, and not on the City or the TCPA.

12 "The negligence per se doctrine does not establish a cause of action distinct from
13 negligence." *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1162 (E.D. Cal. 2009). "'[A]n
14 underlying claim of ordinary negligence must be viable before the presumption of negligence of
15 Evidence Code section 669 can be employed.'" *Id*. (quoting *Cal. Service Station and Auto.*
16 *Repair Ass'n v. American Home Assurance Co.,* 62 Cal. App. 4th 1166, 1178 (1998)). By
17 alleging negligence per se, a plaintiff "is not attempting to pursue a private cause of action for
18 violation of the statute; rather, he is pursuing a negligence action and is relying upon the
19 violation of a statute, ordinance, or regulation to establish part of that cause of action." *Id.*
20 (quoting *Sierra-Bay Fed. Land Bank Ass'n v. Superior Court,* 227 Cal. App. 3d 318, 333
21 (1991)). Therefore, even if Plaintiffs were to allege in this cause of action that Defendants
22 violated a statute, ordinance, or regulation that imposed a duty on the officers, a cause of action
23 for negligence per se would still be improper. Plaintiffs must allege negligence per se within a
24 cause of action for negligence. As Plaintiffs have conceded they cannot pursue a negligence
25 cause of action, there is no reason to grant leave to amend.

---

[2] The Ninth Circuit held in an unpublished decision that Section 13510 imposes duties only on the Commission on Peace Officer Standards and Training, and thus cannot render a County liable. *Heflin v. County of Los Angeles*, 438 F. App'x 596, 597 (9th Cir. 2011).

8

The Court GRANTS Defendants' motion to dismiss the sixth cause of action for negligence per se without leave to amend.

### 4. Plaintiffs' Seventh Cause of Action for Negligent Selection, Training, Retention, Supervision, Investigation and Discipline Is Dismissed Without Leave to Amend.

#### i. Plaintiffs Fail to Allege a Statutory Basis for Liability.

Defendants move to dismiss Plaintiffs' cause of action for negligent selection, training, retention, supervision, investigation and discipline. In an action for negligence, a claimant must establish that the defendant had a legal duty to use due care, that the defendant breached that legal duty, and that the breach was the proximate or legal cause of the resulting injury. 46 Cal. Jur. 3d Negligence § 6 (citing *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (applying California law)). "There can be no liability for negligent supervision in the absence of knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised." *Juarez v. Boy Scouts of Am., Inc.*, 81 Cal. App. 4th 377, 395 (2000) (internal citations omitted). However, "except as otherwise provided by statute, a public entity is not liable for an injury… ." Cal. Gov. Code § 815(a). Governmental immunity is "the rule unless liability is imposed by the exceptions contained in the statute." *Dominguez v. Solano Irrigation Dist.*, 228 Cal. App. 3d 1098, 1102 (1991). Therefore, "California public entities are not subject to common law tort liability; all liability must be pursuant to statute." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012).

To establish their claim for negligent selection, training, retention, supervision, investigation and discipline, Plaintiffs allege that the City and TCPA had knowledge of "a pattern of ongoing constitutional violations and practices by Defendants DOES 1-50, consisting of the use of unnecessary and excessive force in arresting and post-arrest scenarios and false assertions of crimes in investigative reports, and/or infractions against minority citizens." (FAC at ¶ 46.) But Plaintiffs do not allege a statutory basis for the negligence action as required under state law. Therefore, the seventh cause of action fails to state facts sufficient to state a claim against the City or TCPA.

9

### ii. Sections 13510(a) and 13519.4(a) of the California Penal Code Do Not Provide for Private Rights of Action.

Plaintiffs explain in their opposition that they intended their seventh cause of action for negligent selection, training, retention, supervision, investigation and discipline to incorporate the allegations of statutory violations stated in their sixth cause of action for negligence per se. (Opp. Br. at 8.) Plaintiffs state that their seventh cause of action is based on Defendants' alleged violation of Sections 13510(a) and 13519.4(a) of the California Penal Code. Although Plaintiffs did not state these statutory violations in the amended complaint, the Court addresses whether they could successfully state a claim if were they to amend the seventh cause of action to include allegations of such statutory violations.

A civil private right of action under a criminal statute are rarely implied. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). A district court properly dismisses civil claims premised on violations of various sections of the California Penal Code if they do not create private causes of action. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999). No court in the Ninth Circuit or in California has ruled on whether Sections 13510(a) or 13519.4(a) create a private right of action against any entity. However, as explained above, the Court finds that Sections 13510(a) and 13519.4(a) impose requirements only on the Commission, and not the City or the TCPA. It follows that these statutes do not form a basis for civil liability against the City or the TCPA.

Therefore, Plaintiffs fail to state a claim for negligent selection, training, retention, supervision, investigation and discipline. The cause of action in the amended complaint is identical to the version in the original complaint, so Plaintiffs do not appear to have amended it in good faith. The Court finds that granting further leave to amend would therefore be futile. The Court GRANTS Defendants' motion to dismiss the seventh cause of action for negligence in selection, training, retention, supervision, investigation and discipline without leave to amend.

### 5. Plaintiffs' Eighth Cause of Action for Respondeat Superior Is Dismissed With Leave to Amend.

Defendants move to dismiss Plaintiffs' cause of action for respondeat superior liability against the Defendant public entities based on the first seven causes of action. Under California law, a claim for respondeat superior is properly brought pursuant to Section 2338 of the California Civil Code. Section 2338 provides that a principal is responsible to third persons for the negligence or omissions of his agent. A principal is liable also for other wrongful acts committed by the agent within the scope of the agent's employment. *See Grigsby v. Hagler*, 78 25 Cal. App. 2d 714, 714 (1938).

Plaintiffs' eighth cause of action for respondeat superior fails to the same extent that the second, sixth and seventh causes of action fail as set forth above. The Court GRANTS Defendants' motion to dismiss with leave to amend to base a cause of action for respondeat superior only as to the first, second, third and fourth causes of action.

### 6. Plaintiffs' Ninth Cause of Action for Violation of Civil Rights Under 42 U.S.C. Section 1983 Properly States a Claim in Part.

Defendant moves to dismiss Plaintiffs' ninth cause of action against the individual Defendant Does for violation of 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities served by the Constitution and laws of the United States.'" *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) violation of a right secured by the Constitution or laws of the United States and (2) a person acting under the color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs claim that they were "deprived of liberty without due process of law and deprived of equal protection of the laws, in violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution." (FAC at ¶ 54.) Plaintiffs also claim a violation of "the right not to be subjected to Cruel and Unusual Punishment," which refers to the right conferred by the Eighth Amendment. In their opposition, Plaintiffs explain that they intended to delete the allegations of First Amendment and Fifth Amendment violations from the

amended complaint. Plaintiffs also assert that they deleted reference to the Eighth Amendment from the amended complaint, although they did not. Accordingly, the Court considers only the claims of violations of the Fourth and Fourteenth Amendments.

### i. Plaintiffs State Sufficient Facts to Support Their Claim for False Arrest and False Imprisonment under Section 1983.

Plaintiffs claim that Defendant Does violated their "right not to be deprived of liberty." (FAC at ¶ 54.) While Plaintiffs do not specifically allege any facts in support of this claim, the Court broadly construes it as a claim for false arrest and false imprisonment. *See Fermino v. Fedco, Inc.,* 7 Cal. 4th 701, 715 (1993) (explaining that under California law, the tort of false imprisonment is defined as the "unlawful violation of the personal liberty of another") (quoting Cal. Penal Code § 236). The Court therefore broadly construes this claim to incorporate the facts alleged under Plaintiffs' eleventh cause of action for the tort of false imprisonment/false arrest.

"Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual, intentional confinement of a person; (2) without lawful privilege; and (3) for an appreciable period of time, however brief." 6A Cal. Jur. 3d Assault and Other Wilful Torts § 65 (citing *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011)). In the context of a Section 1983 claim for false arrest and false imprisonment, a plaintiff must show that the defendant lacked probable cause to arrest and subsequently detained them. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

Plaintiffs allege facts to support each of the required elements for false imprisonment/false arrest under Section 1983. First, Plaintiffs allege that Defendants Does lacked probable cause to arrest when they state that "[t]he arrests of [P]laintiffs were wholly lacking in any probable cause for the belief that a crime had been committed by them." (*Id*. at ¶ 66.) Plaintiffs support that allegation with the fact that they had "committed no crime and [had not] threaten[ed] to do so" before Defendant Does confronted them. (FAC at ¶ 12.) Plaintiffs allege facts that Defendant Does subsequently detained them without lawful privilege when they allege that Defendant Does restrained them "against their will without ... any process of

1  any kind and then incarcerated them without any justification or cause (probable or not) to
2  believe that Plaintiffs had a committed any crime." (FAC at ¶ 65.) Therefore, Plaintiffs
3  properly allege a claim for false imprisonment/false arrest within their cause of action under
4  Section 1983.

       **ii.**     **Plaintiffs' Claim of Deprivation of Liberty is Properly Considered Under the Fourth Amendment.**

Plaintiffs, when they state that Defendant Does violated their "right not to be deprived of liberty," also allege that Defendant Does did so "without due process of law." (FAC at ¶ 54.) The Fourteenth Amendment provides for substantive and procedural due process. U.S. Const. amend. XIV. The Supreme Court has typically extended the protections of substantive due process to issues that involve "marriage, family, procreation, and the right to bodily integrity." *Alright v. Oliver*, 510 U.S. 266, 271-72 (1994). The Court has also stated that "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Id.* at 273 (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id.* at 274. Here, Plaintiffs allege no facts that support a distinct claim for violation of their due process rights. Because Plaintiffs' allegations concern their treatment by peace officers during an arrest, a constitutional claim for deprivation of liberty is properly brought under the Fourth Amendment, not the Fourteenth Amendment. *See Graham*, 490 U.S. at 394.

       **iii.**    **Plaintiffs Fail to State Sufficient Facts to Support Their Claim for Violation of Equal Protection Rights.**

Plaintiffs allege that Defendant Does deprived of their "right to be free from discrimination based on race, gender or disability" and their "right to equal protection of the law." To allege a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege (1) discrimination on account of his or her membership in a distinct group or class (2) by the State. *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 607 (2008).

13

Moreover, the plaintiff must allege that the state actor acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiffs allege that "Defendants acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of Plaintiffs rights." (FAC at ¶ 55.) Plaintiffs allege no additional facts beyond that conclusory statement to support an inference that Defendant Does acted with an intent to discriminate. Even if the Court were to read this cause of action to incorporate Plaintiffs' allegations of intentional discrimination stated in their second cause of action under state law, as discussed there, the alleged statement "we finally got this family" fails support a sufficient inference of intentional discrimination. Therefore, Plaintiffs have failed to state a claim for a violation of equal protection rights.

      **iv.**    **Plaintiffs State Sufficient Facts to Support Their Claim of Excessive Force**.

Plaintiffs allege that Defendant Does violated their "right to be free from the use of excessive force by peace officers." (FAC at ¶ 54.) "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard ...." *Graham*, 490 U.S. at 395. Therefore, in order to establish a claim for excessive force under Section 1983, under a Fourth Amendment analysis, a plaintiff must show that the individual defendants' use of force was unreasonable. *Id.* "The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. In considering an excessive force claim, [the Court balances] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 396–97 (internal quotations omitted)). "[T]his balancing 'nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom.'" *Id*. (quoting *Santos v. Gates*,

14

287 F.3d 846, 853 (9th Cir. 2002)).

Here, Plaintiffs allege that Defendant Does shoved Scottie roughly to the ground and onto his face. They allege that Defendant Does shoved Jose to his knees, placed a foot on his back, forced him onto his belly, pushed his face onto the concrete, and yanked him painfully by the handcuffs. They allege that a Defendant Doe struck Josh on the head with a pair of handcuffs and yanked his hands behind his back. (FAC at ¶ 12.) As provided in *Lolli*, the reasonableness of these alleged actions would properly be a question for a finder of fact. *See Lolli*, 351 F.3d at 415. Plaintiffs have sufficiently stated a claim of excessive force.

The Court finds that Plaintiffs have properly stated facts supporting a cause of action under Section 1983 for false imprisonment/false arrest and excessive force. Therefore, the Court DENIES the motion to dismiss Plaintiffs' ninth cause of action. To the extent that Plaintiffs wish to maintain their claim for violation of equal protection rights, the Court grants leave to amend to enable Plaintiffs to allege further facts to support that claim.

### 7. Plaintiffs' Eleventh Cause of Action for False Imprisonment/False Arrest States Sufficient Facts.

Defendant moves to dismiss Plaintiffs' eleventh cause of action for false imprisonment/false arrest. "Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual, intentional confinement of a person; (2) without lawful privilege; and (3) for an appreciable period of time, however brief." 6A Cal. Jur. 3d Assault and Other Wilful Torts § 65 (citing *Young*, 655 F.3d at 1169). "Where an action for false imprisonment is based upon an arrest without a warrant, all that need be alleged is the arrest without process, the imprisonment and the damage ... it is not necessary to allege that the arrest was unlawful." *Muller v. Reagh*, 215 Cal. App. 2d 831, 836 (1963). The complaint "need not allege ... the absence of probable cause." 35 C.J.S. False Imprisonment § 51.

Here, Plaintiffs have alleged facts to support each of the required elements for false imprisonment/false arrest under California law. Plaintiffs allege that they were arrested without process when they state that the Defendant Does "incarcerated them without any justification or cause." (FAC at ¶ 65.) Plaintiffs also allege that they were imprisoned and damaged when they

15

state that "[t]hey were held in custody for four days." (*Id.* at ¶ 67.)  Defendants argue that for Plaintiffs to establish Defendants' liability for false imprisonment, they must show that the arrests were not supported by probable cause.  While it is true that Plaintiffs will later have to prove that the Defendants lacked lawful privilege, they have alleged the absence of probable cause by virtue of their warrantless arrests, although it is not a required element of pleading. *See Muller*, 215 Cal. App. at 836.  Thus, Plaintiffs adequately allege the elements necessary for false imprisonment and, accordingly, the Court DENIES the motion to dismiss Plaintiffs' cause of action for false imprisonment/false arrest.

### 8. Plaintiffs' Twelfth Cause of Action for Conspiracy is Dismissed With Leave to Amend.

Defendant moves to dismiss Plaintiffs' twelfth cause of action for conspiracy. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.  By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of the other coconspirators within the ambit of the conspiracy." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994).  "The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy, and (2) damage to plaintiff resulting from an act or acts done in furtherance of the common design.  The existence of a civil conspiracy makes each participant in the wrongful act responsible as a joint tortfeasor for all damages resulting from the wrong, whether or not a participant was a direct actor and regardless of the degree of his activity." *Klistoff v. Superior Court*, 157 Cal. App. 4th 469, 479 (2007) (citing *Applied Equipment*, 869 P.2d at 457).

Here, Plaintiffs allege that Defendants conspired among themselves to "commit the wrongs upon Plaintiffs heretofore alleged." (FAC at ¶ 69.)  Plaintiffs thus appear to allege liability of all Defendants for all preceding causes of action under the doctrine of conspiracy. Additionally, Plaintiffs allege that Defendants specifically "agreed and acted" to falsely imprison and arrest Plaintiffs, to intentionally fabricate and contrive the charges against

16

Plaintiffs, to submit false police reports, to use force that was excessive, and to discriminate against Plaintiffs based on race. (FAC at ¶ 70.) But Plaintiffs fail to allege facts that demonstrate the formation of any conspiracy with regard to any of the other causes of action or the specific acts listed, or any common plan or design among Defendants to commit any of the claimed torts or acts listed. The allegations that Defendants "agreed and acted" to commit various wrongs are conclusory and not supported by any factual allegations. The allegations are merely recitations of the elements of the claim. Plaintiffs thus fail to state a claim under the *Twombly* standard. *See Twombly*, 550 U.S. at 570. Further, the cause of action for conspiracy is also lacking to the extent that Plaintiffs fail to state claims in the preceding causes of action for which the Plaintiffs attempt to extend conspiracy liability here.

The Court GRANTS the motion to dismiss Plaintiffs' cause of action for conspiracy with leave to amend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs shall file an amended complaint in compliance with this order no later than May 4, 2012. Should Plaintiffs elect to file an amended complaint, Defendants' response shall be filed no later than 20 days thereafter.

**IT IS SO ORDERED.**

Dated: April 11, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE